# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**RACQUEL REID,**

      **Plaintiff,**

   v.

**HARD ROCK CASINO,**

      **Defendant.**

Case No. 1:25-cv-119

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## OPINION AND ORDER

Plaintiff Racquel Reid, proceeding pro se and in forma pauperis (IFP), is suing her former employer, Defendant Hard Rock Casino for religious discrimination.[1] (Compl., Doc. 3, #15). The assigned Magistrate Judge exercised her screening authority under 28 U.S.C. § 1915(e)(2) and recommends the Court dismiss Reid's case with prejudice for lack of subject-matter jurisdiction and failure to state a claim, largely because the Complaint failed to allege that Reid had pursued a charge of discrimination with the EEOC. (R&R, Doc. 4, #21). Reid objected to that recommendation, providing proof that she had in fact done so. (Doc. 5). Thus, as explained below, the Court **SUSTAINS** Reid's Objection (Doc. 5) and **REJECTS** the R&R (Doc. 4). Reid's claim may proceed.

---

[1] While Reid listed "42 U.S.C. 1983" as the statute under which she is suing, (Doc. 3-1, #17), that statute applies only to persons acting under color of law. Rather, as the R&R correctly notes, Reid's Complaint is best understood as asserting a claim for religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Doc. 4, #20).

## BACKGROUND

On February 27, 2025, Reid initiated this action by filing a motion to proceed IFP and attaching her Complaint to that motion. (Docs. 1, 1-1). The Magistrate Judge granted Reid's request to proceed IFP, (Doc. 2), and screened her Complaint, (Doc. 3), as required under 28 U.S.C. § 1915(e)(2), (Doc. 4, #18). According to the R&R, while Reid was employed by Hard Rock Casino "she mentioned to her manager that due to her religion she attends church on Sunday mornings" and "[a]s a result … was no longer scheduled to work on Sundays." (*Id.* at #20). The R&R states that after Reid requested to be added back to the work schedule on Sundays, she was terminated. (*Id.*).

The Magistrate Judge construed Reid's Complaint as asserting a religious discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (*Id.*). The R&R notes, however, that there was "no indication from the [C]omplaint that [Reid] filed a charge of discrimination with [the] Equal Employment Opportunity Commission (EEOC)," and that Reid did not "reference or attach an EEOC right-to-sue letter." (*Id.* at #20–21). Based on that, the R&R found both that (1) Reid "fails to allege a cognizable federal claim," and (2) the Court lacks subject-matter jurisdiction. (*Id.* (citing *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998), and 42 U.S.C. § 2000e-5(f)(1))). As a result, the R&R recommends dismissing Reid's Complaint with prejudice. (*Id.* at #21).

The R&R notified all parties they had a right to object. (*Id.* at #22). But it also explained that they had only fourteen days to do so, and that failure to object could

result in forfeiture of rights on appeal, including the right to district court review. (*Id.*); 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture" (emphasis omitted)).

Reid objected, but not timely. The Magistrate Judge issued the R&R on March 11, 2025, and mailed it to Reid the same day. (*See* Doc. 4). Accordingly, Reid had fourteen days from that date, plus three days under Federal Rule of Civil Procedure 6(d), to respond. That was March 28, 2025. But Reid did not object until April 3, 2025, one week later. (Doc. 5). In her Objection, Reid takes issue with the R&R's characterization of her allegations. She states that she "never worked a Sunday morning but in the report of recommendation it[] states [she] was working Sundays." (*Id.* at #23). Reid clarifies that she had *not* worked Sundays for some three years at Hard Rock, but that that the Casino began requiring her to do so after she received a promotion. (*See id.* at #23–24). So, according to Reid, the R&R gets the factual context exactly backward. That is, the R&R claims that "she asked to be returned to the schedule on Sundays and was terminated." (Doc. 4, #20). In fact, though, her claim is that Hard Rock terminated her for requesting that she be *taken off* the Sunday schedule, not added back. (*Compare id., with* Doc. 5, #24).

Perhaps more importantly, Reid also took issue with the R&R's principal underpinning—Reid's alleged failure to file a charge with the EEOC or attach a right-

3

to-sue letter. According to Reid, she in fact had filed a charge and had received a right-to-sue letter, (Doc. 4, #23), which she filed contemporaneously with her Objection, (*see* Doc. 6-1).

While the Court could disregard Reid's Objection because it is untimely, the Court does not believe that is the appropriate course here. But the Court **WARNS** Reid that moving forward, she is required to comply with all deadlines and procedural requirements associated with her case.

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). But that review extends "only to any portion [of the R&R] to which a proper objection was made." *Bates*, 2023 WL 4348835, at *1 (quotation omitted). A proper objection, moreover, is one that is "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). For unobjected portions of the R&R, the Court reviews only for clear error. *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

While Reid took issue with the Magistrate Judge's legal justifications for dismissal, she also questioned the characterization of her allegations. On that front,

4

the Court interprets Reid's Complaint somewhat differently from how the R&R characterizes it. True, the Complaint is not a model of clarity. But here's what the Court surmises: first, Reid's manager assigned her Sunday shifts at the Casino. (*See* Doc. 3, #15 ("My Sunday was taken from me by a manager.")). Reid then told her manager that she attended church on those days (and presumably requested those days off), to no avail. (*See id.* ("He refused to give me my Sundays back.")). Reid then turned to Human Resources, informing them "that due to [her] religion [she] would like [her] Sunday mornings back." (*Id.*). But a week after she emailed HR, Hard Rock terminated her employment. (*Id.*). Worse than that, she says Hard Rock provided no reason for her termination, and believes it was "because [she] refused to stop asking for [her] Sunday back." (*Id.*). So contrary to the R&R's assessment, Reid alleges she was fired for asking for her Sunday's *off* rather than asking to work on those days.[2] And, as a result, Reid is suing her former employer for religious discrimination, seeking lost wages and damages for her "pain and suffering." (*Id.* at #15–16).

With that factual nit out of the way, the Court notes that Reid appears to object to both grounds on which the R&R recommends dismissal—lack of subject-matter jurisdiction and failure to state a claim. (Doc. 4, #21; *see* Doc. 5, #23–24). As to the former, "the vast majority of case law appears to agree, at least tacitly, that § 1915(e)(2)'s screening function includes the ability to screen for lack of subject matter jurisdiction." *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022). And in any event, "federal courts have an

---

[2] And Reid's Objection, along with the additional facts she provides there, confirms this reading. (*See* Doc. 5, #23–24).

ongoing 'duty to consider their subject matter jurisdiction … and may raise the issue sua sponte.'" *Id.* (emphasis omitted) (quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)). So regardless of whether § 1915(e)(2) covers screening for subject-matter jurisdiction, the Court is obliged to consider whether it has jurisdiction.

As to the latter, sua sponte dismissals are governed by the same standards that apply to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under that standard, a "complaint must present sufficient facts to 'state a claim to relief that is plausible on its face.'" *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making that determination, the Court "construe[s] the complaint in the light most favorable to the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up). But that does not mean the Court must take everything Reid alleges at face value, no matter how unsupported. The Court may disregard "naked assertions" of fact, legal conclusions, or "formulaic recitation[s] of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

With Reid's objections outlined above, turn to the issues at hand, starting with subject-matter jurisdiction. Reid asserts a Title VII religious discrimination claim. As a general matter, of course, Title VII claims fall within the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. But the Magistrate Judge found that was not the

6

case here because Reid failed to (1) discuss whether she filed a charge with the EEOC, or (2) attach a right-to-sue letter to her Complaint. (Doc. 4, #20–21).

The Court disagrees with the R&R's conclusion that such failures create jurisdictional concerns. True, "[i]t is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue." *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006). But the Supreme Court has made clear that those prerequisites do not implicate the Court's subject-matter jurisdiction. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 543 (2019) ("Title VII's charge-filing instruction is not jurisdictional."). Rather, these are "processing rule[s], albeit [] mandatory one[s]." *Id.* at 551. This distinction is important because "harsh consequences attend the jurisdictional brand." *Id.* at 548 (cleaned up).

A key difference is that defenses based on failure to comply with a claims-processing rule are "subject to waiver, and a plaintiff's failure to comply with [such] requirement[s] is curable." *Mayes v. Univ. of Toledo*, No. 3:14-cv-1556, 2015 WL 521111, at *2 (N.D. Ohio Feb. 9, 2015); *see also Randolph v. Bath & Body Works, Inc.*, No. 2:25-cv-284, 2025 WL 1700906, at *6 (S.D. Ohio June 18, 2025) (allowing an ADA retaliation claim to proceed despite the plaintiff's failure to attach a right-to-sue letter at the preliminary-screening stage).[3]

---

[3] And even if a plaintiff has not filed a charge of discrimination with the EEOC and has not obtained a right-to-sue letter, typically dismissals based on such failures should be without prejudice. *See Lott v. Kmart*, No. 2:13-cv-228, 2013 WL 3337369, at *2 (S.D. Ohio July 2,

7

Here, Reid has now cured the defect that the R&R identified in her Complaint by filing her right-to-sue letter. (Doc. 6-1). Her mistake appears to be an honest one—she merely did not realize she should have mentioned that she filed a charge of discrimination with the EEOC in her Complaint. (*See* Doc. 5, #23). As far as pro se litigant missteps go, this is a fairly innocuous one. And Hard Rock Casino is not prejudiced because they have not had the opportunity to engage in this case yet. Additionally, Reid timely initiated this action on February 27, 2025, within the required 90-day window to do so (as her right-to-sue letter advised). (*See* Doc. 6-1, #27 (indicating the right-to-sue letter issued on December 6, 2024)); 42 U.S.C. § 2000e–5(f)(1) (explaining that after a plaintiff receives a right-to-sue letter, she has ninety days in which to bring a federal action alleging a violation of Title VII). So Reid's objection to the R&R's first grounds for dismissal is well taken even though the Magistrate Judge, through no fault of her own, could not have known that Reid filed a charge of discrimination with the EEOC or obtained a right-to-sue letter. In sum, the Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and finds that Reid has satisfied the two prerequisites to filing a Title VII claim.

Separately, the R&R also suggested that Reid failed to state a Title VII claim upon which relief may be granted. But it based that finding on the same grounds as the lack-of-subject-matter-jurisdiction finding. (Doc. 4, #20–21). In other words, given the apparent lack of an EEOC charge, the R&R had no reason to consider whether Reid had plausibly stated a claim on the merits. While the Court could return the

---

2013). Of course, if the EEOC filing deadline has passed, rendering the defect non-curable, things may be different.

matter to the Magistrate Judge to undertake that screening analysis, the Court finds that the more efficient route is to simply address it now.

"Under Title VII, it is unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual ... because of such individual's ... religion.'" *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024) (quoting 42 U.S.C. § 2000e-2(a)(1)). Failure-to-accommodate claims involve allegations that an employer, rather than accommodating an employee for her "religious observances," either discharges or discriminates against that employee "for failing a job-related requirement." *Id.* at 943–44 (quoting *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 75 (1977)). More practically, a religious accommodation case starts by asking "whether the employee has established a prima facie case of religious discrimination." *EEOC v. Publix Super Mkts., Inc.*, 481 F. Supp. 3d 684, 692 (M.D. Tenn. 2020). Reid can succeed on that front, at least at this juncture, by plausibly alleging that she (1) "holds a sincere religious belief that conflicts with an employment requirement;" (2) "has informed [Hard Rock] about the conflicts;" and (3) "was discharged or disciplined for failing to comply with the conflicting employment requirement." *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007) (quotation omitted).[4]

---

[4] One could argue, though, that the Supreme Court's decision in *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773–74 (2015), may have removed, or at least relaxed, the second prong. In any event, and to be clear, Reid need not plead all the elements of her prima facie case to plausibly state her claim. *Savel*, 96 F.4th at 943–44; *see also Finley v. Miami Univ.*, 504 F. Supp. 3d 838, 844 (S.D. Ohio 2020) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). That said, as the Court has previously opined, it would seem that plausibly alleging facts supporting each prima facie element is a sufficient condition, though

Reid's Complaint appears to plausibly allege all three. She says that (1) she attends church on Sunday mornings "due to [her] religion," (2) she told her manager and HR about that conflict and the reason for it after she was scheduled to work on Sundays (and further requested that time off), and (3) her manager "refused to give [Reid her] Sundays back," at which point Hard Rock terminated Reid due to her requests. (Doc. 3, #15). That seems to give rise to a plausible claim for relief. *Robbins*, 854 F.3d at 319. Accordingly, the Court sustains Reid's objection and further finds that her claim should proceed beyond the screening stage.

## CONCLUSION

For the reasons discussed above, the Court **SUSTAINS** Reid's Objection (Doc. 5) and **REJECTS** the R&R (Doc. 4). Therefore, the case **MAY PROCEED** past the § 1915 screening stage. In that regard, Reid submitted a summons form (Form AO-440), but failed to complete it (i.e., detail Defendant's name and address or to add her name and address to the form). (*See* Doc. 1-3). The Court **ORDERS** Reid to complete and refile that form. As Reid is proceeding IFP, if she submits a completed summons form, the Court **DIRECTS** the Clerk to issue the summons and the United States

---

not a necessary one, for proceeding beyond a motion to dismiss, or here, initial screening. *See Smith v. Koch Meat Co.*, No. 1:24-cv-545, 2025 WL 1030245, at *5 n.4 (S.D. Ohio Apr. 7, 2025). And since the Court concludes that Reid has plausibly alleged the prima facie elements, she surpasses her burden.

Marshal to serve Defendant Hard Rock the issued summons by certified mail, along with a copy of the Complaint, (Doc. 3), and a copy of this Opinion and Order.

    **SO ORDERED.**

July 18, 2025
  **DATE**                                 **DOUGLAS R. COLE**
                                          **UNITED STATES DISTRICT JUDGE**